THE AMERICAN EAGLE.[1]

THE S. E. BABCOCK.

ATLAS STEAM-SHIP Co. *v.* THE AMERICAN EAGLE and another.

*(District Court, E. D. New York. July 2, 1886.)*

COLLISION — TUG AND TOW AND STEAMER — TUG CLOSE TO LINE OF PIERS— STEAMER MOVING OUT—INABILITY OF TUG TO AVOID STEAMER.
  Where the tug A., with a tow astern, was coming down the North river, in the vicinity of Pier 1, and about ·175 yards from the line of the piers, and saw another tug ahead moving a steamer out from along-side that pier, but was unable to avoid collision with her, it was *held* that a tug with a tow is bound, in this locality, to be under such control as to be able, by stopping, to avoid a steamer seen to be moving out from a pier half a mile ahead, and that the A. was consequently solely responsible for the collision.

In Admiralty.
*Wheeler & Cortis*, for the Atlas Steam-ship Co.
*Carpenter & Mosher*, for the American Eagle.
*Hill, Wing & Shoudy*, for the Babcock.

BENEDICT, J. The collision which gave rise to this action was, in my opinion, caused by the fault of the tug American Eagle, and not by any fault on the part of the injured vessel, or on the part of the tug engaged in moving that vessel out from Pier 1, North river. The fault of the American Eagle was in coming down the river with two barges lashed side by side, upon a hawser about 250 feet in length, in such a condition of wind and tide, and at such speed, that she could not by stopping avoid an object ahead· and distant half a mile.

It is plain that if the tug had stopped when she saw the steamer moving out of the pier, no collision would have occurred. It was her duty, running by the pier as close as she was, to avoid a steamer so situated. A tug in this locality, undertaking to pass down the river with a tow astern, 175 yards off the pier, is bound to be under such control as will enable her to stop in time to avoid collision with a steamer seen to be moving out from along-side a pier. The necessity for such ability is made plain by the contention, on the part of the American Eagle, that she could not avoid the steamer by porting,

[1] Reported by R. D. & Wyllys Benedict, Esqs., of the New York bar.

because such a movement would have brought her in collision with vessels on the outside of her. Such a state of facts might easily occur, and in such a case stopping would be the only method of avoiding collision with a vessel ahead coming out from the piers. Ability to stop within a reasonable distance is therefore a necessity to navigation, under such circumstances as are proved in this case. I entertain great doubt as to the truth of the assertion that there was no room for the American Eagle to avoid the steamer by porting; but, if she could not port, she was bound to stop. I find no fault on the part of the Babcock.

Let the libelant have a decree against the American Eagle, and let the libel be dismissed as against the Babcock.